SUPREME COURT. New-York General Term, February, 1857. *Roosevelt, Davies* and *Peabody*, Justices.

## THE PEOPLE *v.* WILLIAM RANDO.

On the trial of an indictment for receiving stolen goods, knowing them to be stolen, it is competent for the prosecution to give in evidence a series of acts of the like character, for the purpose of showing the *scienter* of the accused, or to rebut any presumption of innocent mistake.

On the trial of such an indictment, it is not competent for the prisoner to prove what was said to the clerk of the defendant by the persons who delivered the stolen property to him, at the time of the delivery, on the premises of the defendant. PEABODY, J., dissenting.

THE prisoner was indicted, tried and convicted, in the New-York General Sessions, for receiving a saddle, bridle and bits, the property of Baltis M. Segee, knowing the same to have been stolen.

The questions raised on the trial, and the exceptions taken by the prisoner's counsel, sufficiently appear in the points made on argument, and in the opinion of the court.

*Henry L. Clinton*, for the defendant.

I. The court below erred in admitting the testimony of Zerfass, Brandon, Neilson, Hamilton, Felheimer, Cummings, Kerr and Nesbitt, in respect to other stolen goods, stolen from other persons than Baltis M. Segee, the prosecutor, and at a different time. Specific exceptions were taken to each and every part of the evidence of the foregoing witnesses touching this point. The law on this subject is stated in *Archbold's Criminal Practice and Pleading*, 480 (*ed. with Wat. notes*), as follows: " But the prosecutor will not be allowed to prove that at the time his goods were found in the prisoner's possession, goods of other persons of the same description had also been found in his possession, which had previously been stolen; for that is not proof of guilty knowledge." Upon this point it is stated in 2 *Russell on*

*Crimes* (*p.* 251): "Upon an indictment for receiving stolen goods, evidence may be given of different receipts of goods stolen from the same person in order to show guilty knowledge in the receiving, at least, of such receipts as were prior to the one charged in the indictment." The same doctrine is contained in 1 *Phillips' Evidence* (*p.* 475). All that is stated on this subject in *Russell, Wharton's American Criminal Law* and *Phillips' Evidence*, is wholly or chiefly founded on *The King* v. *Dunn and Smith* (1 *Moody C. C.*, 146). At page 149, it is stated: "But though this pledging, and disposing, and having in her possession the goods, extended over a great length of time, between four and five months, yet as all the property had been stolen from the same persons, and had all been brought to her by the prisoner Dunn, the learned judge thought it was admissible and proper to be left to the jury, as an ingredient to make out the guilty knowledge." It will be seen that in none of the elementary authorities or adjudicated cases has the doctrine ever been held, that property stolen from other persons than the prosecutor is competent evidence to prove the *scienter*.

II. The court below erred in not allowing the witness John Thompson to prove what was stated by the persons at the time they delivered the cart load of things upon Rando's premises in his absence, of which it was alleged the articles specified in the indictment formed part. The object of proving these statements was to show what representations induced Rando's clerk, in his absence and without his authority, to receive upon his (Rando's) premises these particular goods. This evidence was clearly competent on the question of *scienter*. The main circumstance existing against the defendant was the fact that the goods were found upon his premises, and thus, constructively at least, in his possession, so as to raise an inference unfavorable to his innocence, as in the case of an indictment for larceny, where the stolen property was found in the possession of

The People *v.* Rando.

the prisoner. Declarations made at the time of the delivery of the goods, by the persons delivering them, are clearly and palpably a part of the *res gestæ*, and as such admissible in evidence. "The principal points of attention are whether the circumstances and declarations offered in proof were cotemporaneous with the main fact under consideration, and whether they were so connected with it as to illustrate its character." (1 *Greenl. Ev.*, § 108.) "Declarations made at the time of the transaction, and expressive of its character, motive or object, are regarded as ' verbal acts, indicating a present purpose and intention,' and are therefore admitted in proof, like any other material facts." (*Ib.*) "The declarations must be concomitant with the principal act, and so connected with it as to be regarded as the mere result and consequence of the coexisting motives, in order to form a proper criterion for directing the judgment, which is to be formed upon the whole conduct." (*Id.*, § 110.) "Words and writing appear, perhaps, more properly to be admissible as a part of the *res gestæ*, when they accompany some act, the nature and object and motives of which are the subject of inquiry. In such cases words are receivable as original evidence, on the ground that what is said at the time affords legitimate, if not the best means of ascertaining the character of such equivocal acts as admit of explanation, from those indications of the mind which language affords." (1 *Phil. Ev.*, 194, 195.) "On a charge of larceny, when the proof against the prisoner is that the stolen property was found in his possession, it would be competent to show on behalf of the prisoner that a third person left the property in his care, saying that he would call for it again afterwards; for it is material in such a case to inquire under what circumstances the prisoner first had possession of the property." (*Rosc. Cr. Ev.*, 25.)

*A. Oakey Hall* (District Attorney), for the people.

I. The ruling of the court, " that it was competent for the prosecution to prove that other stolen property than that belonging to prosecutor had been found in the prisoner's possession," was correct. 1. This ruling has been law *passim* ever since the case of *Dunn and Smith (Ryan & Moody C. C. R.*, 146 ; 1 *Gal.*, 842), which holds, " that where there are several distinct acts of receiving, evidence may be given of such receipts (at least, of all prior to that on which the prosecutor elects to proceed), for the purpose of proving the guilty knowledge in the receiving." (*See also the elaborate note by Waterman, in* 3 *Arch. Cr. Pr. and Pl.*, 477, 2 *Banks & Gould's ed.*) (1.) I find nothing to the contrary in any of the books.   I never heard the doctrine questioned until this case, and I never read of its being doubted since that case of *People* v. *Trenor (Court of General Sessions,* 1 *City Hall Recorder,* 105.)   In this case, Wilson, who was with Dr. Graham and Sampson (an illustrious triumvirate of ingenious defenders), objected to proof of any stolen articles received other than those laid in the indictment.   The court said : " The defendant could not be found guilty of receiving stolen goods not laid in the indictment; nor does the public prosecutor offer the evidence for that purpose.   He offers to produce it as a circumstance to be left to the jury." (2.) The reason of the rule is this : Receiving stolen goods is no crime of itself.   There may be innocent purchasers, and very often there are.   It is the knowledge they are stolen. If a man is in the practice of passing counterfeit money or of buying stolen goods, evidence of this rebuts any presumption of innocent possession or purchase, and raises affirmative presumption of guilty knowledge or *scienter.* (3.) So in case of *People* v. *Shotnell* (3 *City Hall Recorder,* 96), the report says : " It appeared that the defendant had been for a long time in the habit of receiving stolen goods of different kinds, &c."

II. The exceptions to exclusion of representations to defendant's clerk, in defendant's absence, &c., &c., is cer-

The People *v.* Rando.

tainly untenable. I am unaware of any exception to hearsay evidence that would vary the rule excluding it. To admit such evidence would be very dangerous. The artful representations of thieves, in collusion with a defendant, might, in this mode, be made evidence through the medium of an innocent agent of defendant.

*By the Court,* ROOSEVELT, J.—Where a party is indicted for the crime of knowingly receiving stolen goods, it is competent to the prosecution to give in evidence a series of other acts of the like character, to show the knowledge or *scienter* of the accused, or to rebut any presumption of innocent mistake.

It is not competent to the prisoner to introduce the allegations of the persons from whom he received the stolen goods. Such permission would lead to the fraudulent manufacture of evidence without the penalty of perjury.

The exceptions taken at the trial must therefore be overruled, and the proceedings of the General Sessions affirmed.

DAVIES, J., concurred.

PEABODY, J. (dissenting.)—I am unable to concur with my brethren in either of the points presented by this case. In admitting evidence that property stolen from persons other than the party mentioned in the indictment was found in possession of the accused, the court, I think, erred. The evidence seems exceptionable on several grounds. If offered to show the accused to be dishonest, and thus assail his character, it was clearly inadmissible, for the case was not in a situation to make evidence to that end proper. The prosecution could not make the issue of character, and the accused had not made it; until he had given evidence to sustain his character the prosecution could not assail it.

And where the issue of character is tendered by the accused, it can only be met by evidence of a general nature.

Evidence of a solitary act like this is never admissible, even when proper evidence against character is so. No person can be supposed to come prepared for trial on a charge other than that embraced in the indictment. A general bad reputation is admissible when the accused has chosen to assert and give evidence of a good character, and thus tender an issue on that point; but in this case he had not done so; the evidence raised was not competent in either of these aspects.

But it was improper for a reason more palpable than either of them. In itself it did not show either a general bad character, or even a single act inconsistent with a good one; for it did not show nor attempt to show that the accused, having in his possession goods which had been stolen, had any knowledge of the manner in which they had been obtained. It failed therefore to connect him with the act by which they had been obtained. ' It seems to have been offered as evidence of guilty knowledge of the defendant as to the act charged in the indictment. To render evidence of another act proper at all for this purpose, it must be assumed that proof of guilty knowledge in one case is evidence of it in another, which is I think entirely inadmissible. But the evidence did not show the guilty knowledge even in that case to which it related, and stopped short of the point at which on any theory it could have been deemed admissible. The mere having in his possession goods which at some previous time had been the subject of a larceny of which he had no knowledge, was not at all inconsistent with his entire innocence in respect to them, and, admitting the evidence given to have been true, it does not show him guilty of any impropriety in respect to them. (*Arch. Cr. Pr. and Pl.*, 480, *ed. with Waterman's notes*.)

The indictment charges the defendant with having received one saddle, one bridle and some bits, goods stolen from one Segee, knowing them to have been stolen. On the trial, it appeared that the accused kept a feed store at 507, and a stable at 505 Houston-street.

The People *v.* Rando.

The prosecution proved that the stolen property was found on the premises of the accused.

The accused showed that it was brought there by three men in his ·absence, and the circumstances under which it was left there with his clerk or agent; and offered to show what was said on the subject between the men bringing it and his agent at·the time. To this evidence the prosecution objected and the court excluded it.

The defence then put the question : "At the time these men left those things there, as you have stated, did they state for what purpose they wished to leave them?"

This question was also objected to by the prosecution and excluded by the court.

This evidence seems to me entirely competent. The declarations of the parties to the transaction at the time it took place, on the subject of it, and accompanying their acts at the time, would seem to be quite competent and likely to throw light upon it.

The crime charged is receiving with the guilty knowledge. The receiving is proved. There is no direct evidence of the *scienter*. The jury are asked to infer it. The circumstances of the receipt, the facts attending it, are shown. The statements or sayings of the parties to the act, respecting it, at the time it was done and accompanying it, are excluded. I can perceive no good reason for excluding them. Nothing could be more likely to unfold the nature of the act or give a character to it than those declarations. They are a part of the *res gestæ*, and as such admissible.

The facts and circumstances attending the receipt are admitted in evidence, and the declarations of the parties accompanying those facts must be, or the case is left without evidence in its nature, as likely to explain and give a character to them as any which can well be imagined. They should be admitted, not as evidence of the truth of the facts stated, but as evidence that such statements were made,

The People *v.* Rando.

without regard to the truth or falsity of them. (1 *Greenl. Ev.*, § 110; *Phil. Ev.*, 194, 5; *Rosc. Cr. Ev.*, 25.)

The only reason urged against this evidence by the prosecution is, that it is hearsay, which might with equal propriety be urged against the testimony to prove a contract by an ear witness or one's declaration accompanying an act, explanatory. What better evidence can there be of the intent of parties to a transaction than their sayings or declarations in respect to it at the time they perform the acts relative to it?

The court erred in excluding this evidence, I think; and for each of the above reasons I am constrained to the opinion that a new trial should be ordered.

Proceedings affirmed. (*a*)

(*a*) At a subsequent general term in the same district, counsel in another case declining to argue a point similar to the one in this, relative to the declarations of parties having property which proved to be stolen, on the ground that the question was settled in this district, Mr. Justice Roosevelt, presiding, said that the case was one of much doubt, and had been decided by a divided court, and he for one preferred to consider the question an open one.